**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:16-cv-08515 |
| DEERE & COMPANY; | Judge Chang |
| PRECISION PLANTING LLC; and | Magistrate Judge Weisman |
| MONSANTO COMPANY, | |
| *Defendants*. | |

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope.** All Litigation Materials, as defined herein, and all Investigation Materials, as defined herein (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

   **(a)**      "Investigation Materials" means (a) all correspondence, documents, data, information, or transcripts of testimony that (i) any non-party provided to any party either voluntarily or under compulsory process in the course of the Investigation, meaning the Department of Justice's inquiry preceding the filing of this action into the proposed acquisition of Precision Planting by Deere & Company or a Defendant's conduct preceding the filing of this action of its defense of the proposed acquisition of Precision Planting by Deere & Company, (ii) any party provided to any non-party in the course of the Investigation; or (iii) any Defendant

1

provided to the Plaintiff in the course of the Investigation; and (b) any witness statements, including affidavits, transcripts, or letters, whether in hard-copy or electronic form, sent or received by any party including its counsel to or from any non-party including its counsel, in the course of the Investigation.

(b)    "Litigation Materials" means (i) documents, data, testimony, or other materials (including affidavits or letters) that any non-party provided to any Party either voluntarily or under compulsory process in connection with and during the pendency of this action; (ii) documents constituting any communication between any Party and any non-party in connection with and during the pendency of this action; (iii) documents, data, testimony, or other materials that any Defendant has provided to Plaintiff in connection with and during the pendency of this action; and/or (iv) documents, data, testimony, or other materials that Plaintiff has provided to any Defendant in connection with and during the pendency of this action.

2.    **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party or non-party (collectively, a "Protected Person") that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case; provided, however, that any Protected Person with a good faith belief that materials are subject to federal, state or foreign data protection laws or other privacy obligations such that disclosure to a third party would create a substantial risk of serious harm that could not be avoided by less restrictive means may designate such

materials as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER and seek greater protections for such information pursuant to paragraph 8. Information or documents that are available to the public may not be designated as Confidential Information. All Investigation Materials shall be treated as Confidential Information, subject to challenges pursuant to paragraph 9 of this Order, and as if designated by a Protected Person.

**3.      Designation.**

**(a)**      A Protected Person may designate a Litigation Material document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each page of the document containing Confidential Information and on all copies in a manner that will not interfere with the legibility of the document. If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain confidential information. If produced in electronic format, the Protected Person shall designate the document by appending to the document names or designators information indicating whether the file contains Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any

documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** Within two business days after the entry of this Order, each party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-party Protected Person (or, if represented by counsel, the non-party's counsel) that provided Investigation Materials to that party. If a non-party Protected Person determines that this Order does not adequately protect its confidential Investigation Materials, it may, after meeting and conferring with the parties and within 7 days[1] after receipt of a copy of this Order, seek additional relief from the Court. All Investigation Materials provided by a non-party Protected Person shall be treated as Confidential Information, subject to challenges pursuant to paragraph 9 of this Order. To the extent that Investigation Materials provided by a Protected Person are not stamped or labeled "CONFIDENTIAL" prior to production by the Plaintiff to Defendants, Defendants will stamp or label all such Investigation Materials (including all imaged documents stored on a document review platform) with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Defendants will not have an obligation to re-label the Investigation Materials Defendants provided to the Plaintiff prior to the filing of this action that were previously designated as CONFIDENTIAL.

**(c)** The designation of Litigation Materials as Confidential Information is a certification by an attorney or a Protected Person appearing pro se that the document contains Confidential Information as provided herein.

---

[1] Unless otherwise specified, days shall be counted pursuant to Federal Rule of Civil Procedure 6.

4.      **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following (except that depositions taken during the United States' investigation shall be treated as Confidential Information as described in paragraph 3(b)): No later than the fourteenth day after the final transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, a Protected Person may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5.      **Protection of Confidential Material.**

(a)      **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)      **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)      **Counsel.** United States Department of Justice attorneys and employees, and independent contractors retained by the United States Department of Justice to assist in the prosecution of this litigation or otherwise assist in its work and outside counsel of record for Defendants, that counsel's employees, and independent contractors assisting such outside counsel in the defense of this Action;

5

**(2)**     **The Court and its personnel;**

**(3)**     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)**     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(5)**     **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

**(6)**     **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(7)**     **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(8)**     **Others by Consent.** Other persons only by written consent of the producing Protected Person or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **In-House Counsel.** Defendants anticipate that they will move to supplement Paragraph 5(b) to permit them to share certain Confidential Information with a discrete set of specified in-house attorneys. Entry of this Order is without prejudice to the consideration of that motion.

**(d)** **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6.** **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of litigation deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Protected Person designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**7.** **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

**8.** **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Protected Person may withhold information from discovery on the ground that it

requires protection greater than that afforded by this Order unless the Protected Person moves for an order providing such special protection.

9.      **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)      **Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by notifying the Protected Person in writing, copying all parties, identifying the specific document, information, or transcript of testimony they believe should not be designated as Confidential Information and the basis for their belief and, within 3 business days after providing such notice, conferring directly with counsel for the designating Protected Person. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Protected Person an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Protected Person must respond to the challenge within five (5) business days of receiving notice.

(b)      **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating Protected Person. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.     **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.     **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating Protected Person, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Protected Person in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The

9

designating Protected Person shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13.     Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Protected Person asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14.     Obligations on Conclusion of Litigation.**

**(a)     Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, each party must either make a good faith effort to return all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), to the producing Protected Person or destroy all such Confidential Information and certify that fact in writing to that Protected Person except that: (1) documents that have been offered into evidence or filed without restriction as to disclosure may be retained; and (2) nothing in this Order prevents the Plaintiff from retaining, using, or disclosing Confidential Information for law enforcement purposes to the extent permitted by law.

**(c)     Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work

product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of trial transcripts and all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or any Protected Person is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and person`s made subject to this Order by its terms.

*So Ordered.*

Dated:


Honorable Edmond E. Chang
U.S. District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:16-cv-08515 |
| DEERE & COMPANY; | Judge Chang |
| PRECISION PLANTING LLC; | |
| and | Magistrate Judge Weisman |
| MONSANTO COMPANY, | |
| *Defendants.* | |

**ACKNOWLEDGEMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order Dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Signature: _____ Date: _____