UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DEERE & COMPANY;<br>PRECISION PLANTING LLC;<br>and<br><br>MONSANTO COMPANY,<br><br>*Defendants*. | Civil Action No. 1:16-cv-08515<br><br>Judge Chang<br><br>Magistrate Judge Weisman |

**SCHEDULING AND CASE MANAGEMENT ORDER**

| Event | Deadlines |
|---|---|
| Fact Discovery Begins | On filing of this proposed Order |
| Parties produce Investigation Materials | Three business days after filing of this proposed Order |
| Rule 26(a)(1) disclosures | Seven business days after filing of this proposed Order |
| Answers to Complaint Due | Ten business days after entry of this proposed Order. |
| Deadline for amendments to pleadings or join parties | Seven business days after filing of Answers |
| Preliminary Trial Witness Lists Due | October 12, 2016 |
| Final Trial Witness List Due | November 30, 2016 |
| Close of Fact Discovery | December 16, 2016 |
| Close of Supplemental Fact Discovery | December 22, 2016 |

| Event | Deadlines |
|---|---|
| The parties serve Rule 26(a)(2)(B) initial expert witness disclosures that contain complete statements of all opinions the witness will express and the basis and reasons for those opinions | December 23, 2016 |
| Each side exchanges exhibit lists (and chart) and opening deposition designations | December 30, 2016 |
| The parties serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) | January 10, 2017 |
| Each side serves proposed stipulations and uncontested facts | January 13, 2017 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations | January 13, 2017 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | January 18, 2017 |
| Close of Expert Discovery | January 19, 2017 |
| Parties meet and confer regarding motions *in limine* | January 20, 2017 |
| Parties meet and confer regarding proposed stipulations and uncontested facts | January 20, 2017 |
| Motions *in limine* to be filed | January 23, 2017 |
| Each party submits proposed exhibits to the Court | January 26, 2017 |
| Joint Pretrial Submission, including trial briefs | January 26, 2017 |
| Oppositions to motions *in limine* to be filed | January 27, 2017 |
| Replies in support of motions *in limine* to be filed | January 31, 2017 |
| Parties submit final trial exhibits to Court | February 6, 2017 |

1. **Discovery Conference**. The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f).

2.      **Completion of Proposed Transaction**. Defendants have agreed that they will not consummate or otherwise complete their planned merger until 12:01 a.m. on the seventh day[1] following the entry of the judgment by the Court, and only if the Court enters an appealable order that does not prohibit consummation of the challenged transaction.

3.      **Investigation Materials.** The parties will produce, consistently with the timeframe listed above, the following Investigation Materials, regardless of whether the materials were received informally or through compulsory process, such as a subpoena or Civil Investigative Demand: (a) all correspondence, documents, data, information, or transcripts of testimony that (i) any non-party provided to any party either voluntarily or under compulsory process in the course of the Investigation, meaning the Department of Justice's inquiry preceding the filing of this action into the proposed acquisition of Precision Planting by Deere & Company or a Defendant's investigation preceding the filing of this action of its defense of the proposed acquisition of Precision Planting by Deere & Company, or (ii) any party provided to any non-party in the course of the Investigation; and (b) any witness statements, including affidavits, transcripts, or letters, whether in hard-copy or electronic form, sent or received by any party including its counsel to or from any non-party including its counsel, in the course of the Investigation. The parties will conduct good-faith, reasonable, and diligent searches for Investigation Materials; if any Investigation Material is not produced as agreed in this Paragraph, the parties will meet and confer in good faith to agree on a resolution. The parties shall treat all documents and information provided pursuant to this paragraph as "Confidential Information" as described in the concurrently filed Proposed Protective Order at all times before the Court enters a Confidentiality Protective Order. Except as otherwise provided in this

---

[1] Unless otherwise specified, days shall be counted pursuant to Federal Rule of Civil Procedure 6.

paragraph, nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege. The parties, during this case, will neither request nor seek to compel production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda except with regard to such materials relied upon by a testifying expert and not produced in compliance with paragraph 11(b)(ii).

4. **Written Discovery**. Interrogatories shall be limited to 5, including discrete subparts, by the United States to each Defendant Family, and 10, including discrete subparts, by Defendants collectively to the United States.

The United States may serve up to 10 requests for admission to Defendants collectively; if the United States serves a request for admission on Defendants that requires each Defendant to conduct a separate investigation to obtain the facts sufficient to admit or deny the request, that request for admission shall count as 2 of the United States' 10 total. Defendants collectively may serve up to 10 requests for admission on the United States. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence, which are issues that the parties shall attempt to resolve initially through negotiation, shall not count against these limits.

There shall be no limit on the number of requests for the production of documents that may be served by the parties.

Unless otherwise agreed, the parties shall respond in writing to interrogatories and requests for admissions within 21 days after they are served. The parties must serve any objections to requests for productions of documents within 5 business days after the requests

are served. Within 2 business days of service of those objections, the parties will meet and confer to attempt to resolve the objections and custodians. Responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than 21 days after service of the request for production. Responsive productions following resolution of objections and custodians shall be completed on a rolling basis with a good-faith effort to be completed no later than 14 days after the resolution by the parties. In response to any Rule 34 requests for data or data compilations, the parties will meet and confer in good faith and make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet and confer process.

     The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) any documents or communications sent solely between outside counsel for the parties (or persons employed by or acting on behalf of such counsel) or solely between counsel of the United States (or persons employed by the United States Department of Justice); (2) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the parties' outside counsel (or persons acting on behalf of such counsel) or by counsel for the United States (or persons employed by the United States Department of Justice); (3) documents or communications sent solely between outside counsel for the parties (or persons employed by or acting on behalf of) and employees or agents of each party; (4) documents or communications exchanged solely among outside counsel for either Defendant and/or inside counsel for either Defendant; (5) privileged draft contracts; (6) draft regulatory filings; and (7) non-responsive, privileged documents attached to responsive documents. When non-

responsive, privileged documents that are attached to responsive documents are withheld from production, however, the parties will insert a placeholder to indicate a document has been withheld from that family. The parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work product claims is permitted; (b) identification of the name and the company affiliation for each non-Defendant person is sufficient identification; and (c) there is no requirement to identify the discovery request to which each privileged document was responsive.

Plaintiff shall not use the Hart-Scott Rodino Pre-Merger Notification Second Request process to seek in this action from the Defendants the production of documents, data, or other information regarding solely the proposed acquisition of Precision Planting by Deere & Company.

5. **Timely Service of Fact Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery, except for document and deposition discovery related to new persons and related entities added to the Parties' final trial witness lists pursuant to Paragraph 7 ("supplemental discovery"). Discovery from the new persons and related entities added to the Parties' final trial witness lists may occur during the periods for fact discovery and supplemental discovery. Supplemental discovery (a) may be conducted from the Parties or the new persons and related entities, and (b) must be served in time to permit completion of responses by the close of supplemental discovery. Furthermore, discovery of new persons and related entities must be completed by the close of the period for supplemental discovery, absent good cause shown. For new persons and related entities added to the Parties' final trial witness lists, the Parties, if they intend to depose the person, must notice the deposition within seven (7) days of the

service of such final witness list. For party requests for production of documents, the Parties must serve objections to the requests for production of documents within three days of service of the requests and responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than seven (7) days after service of the requests for production.

6. **Inadvertent Production of Privileged or Work Product Documents or Information.** Pursuant to and consistent with Federal Rules of Evidence 502(d), if a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other relevant privilege or immunity under relevant case law and rules, production of which should not have been made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other ground for withholding production to which any party producing the documents or information would otherwise be entitled.

7. **Witness Lists**. Each side is limited to 25 persons on its preliminary trial witness list, and 20 persons on its final trial witness list. Both the preliminary trial witness list and the final trial witness list shall be good-faith attempts to identify for the other side the witnesses the party expects that it may present at trial other than solely for impeachment. The final trial witness lists may identify no more than 7 witnesses that were not identified in the preliminary trial witness list. If any new witnesses are added to a final witness list that were not on that side's preliminary witness list, a deposition by the other side of such witness will not count against that side's total depositions. Each witness for which a party offers deposition designations to be offered at trial must be included as a witness on the final trial list. The final

trial witness list shall comply with Federal Rule of Civil Procedure 26(a)(3)(A) and ¶ 6 of this Court's Standing Order Governing Pretrial Orders.

8. **Depositions**. Each side may take 35 depositions of fact witnesses, plus depositions of any persons identified on the final trial witness list but who were not identified in the preliminary trial witness lists, plus depositions of the parties' designated expert witnesses. The United States may take up to two depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) of each Defendant Family, with one such deposition for each Defendant Family limited to the Defendant Family's internal data, and one additional Rule 30(b)(6) deposition of Defendants collectively limited to Defendants' claimed facts and quantification of the merger's cost savings and synergies. If taken, these five Rule 30(b)(6) depositions count against the total number of depositions the United States is permitted by this Order. Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party do not count toward the limit on depositions. Such depositions shall be designated as such at the time that the deposition is noticed and shall be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-party depositions, the non-noticing party shall receive at least two hours of examination time. If the non-party deposition is noticed by both parties then time shall be divided equally, and the deposition of the non-party will count as one deposition for both parties. Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to the 7-hour limit in total.

Each expert shall be deposed for only one (7-hour) day.

Parties will make witnesses available for deposition upon 7 business days' notice.

Investigative depositions taken during the investigation of the proposed acquisition do not count toward the number of depositions allowed by this Order. Either party may further depose witnesses whose investigative depositions were taken during the investigation, and the fact that such individuals' depositions were taken during the investigation may not be used as a basis for either side to object to their deposition during the above-captioned action pending in this Court.

9. **Nationwide Service of Trial Subpoenas**. To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

10. **Discovery of Confidential Information**. Discovery and production of confidential information shall be governed by any Protective Order Concerning Confidentiality, entered by the Court in this action, and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

11. **Expert Witness Disclosures and Depositions**. Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

a. Neither side must preserve or disclose for purposes of complying with Rule 26(a)(2), including in expert deposition testimony, the following documents or materials:

  i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

   1. Plaintiff's counsel and Plaintiff's expert(s), or between any agent or employee of Plaintiff's counsel and Plaintiff's expert(s);

   2. any Defendant's counsel and its expert(s), or between any agent or employee of the Defendant's counsel and the Defendant's expert(s);

   3. testifying and non-testifying experts;

   4. non-testifying experts; or

   5. testifying experts;

  ii) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

  iii) expert's notes, except for notes of interviews participated in or conducted by the expert of fact witnesses;

  iv) drafts of expert reports, affidavits, or declarations; and

  v) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

b. The parties agree that the following materials will be disclosed during expert discovery:

i) all final expert reports;

ii) a list by bates number of all documents relied upon by the testifying expert(s); and copies of any materials not previously produced that are not readily available publicly;

iii) a list of all publications authored in the previous ten years; and copies of any such materials that are not readily available publicly; and

iv) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

Depositions of each side's experts shall be conducted only after disclosure of all expert reports and materials.

12. **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosures, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each party:

For Plaintiff United States of America:

William H. Jones II (bill.jones2@usdoj.gov)
Lisa A. Scanlon (lisa.scanlon@usdoj.gov)
Kelsey W. Shannon (kelsey.shannon@usdoj.gov)
Adam C. Speegle (adam.speegle@usdoj.gov)
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Ph: (202) 616-5932 (Mr. Speegle)


For Defendant Deere & Company:

David L. Meyer (dmeyer@mofo.com)
Roxann E. Henry (rhenry@mofo.com
David A. Cross, Esq. (dcross@mofo.com)
Jonathan S. Gowdy (jgowdy@mofo.com)
Jessie K. Liu (jessieliu@mofo.com)
Morrison & Foerster LLP
2000 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Ph: (202) 887-1519 (Mr. Meyer)

Ronald S. Safer (rsafer@rshc-law.com)
Patricia Brown Holmes (pholmes@rshc-law.com)
Matthew J. Fischer (mfischer@rshc-law.com)
Valarie Hays (vhays@rshc-law.com)
Deborah Bone (dbone@rshc-law.com)
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Ph: (312) 471-8700

For Defendants Monsanto Company and Precision Planting LLC:

Paul H. Friedman (paul.friedman@dechert.com)
Brian Rafkin (brian.rafkin@dechert.com)
Dechert LLP
1900 K Street, NW Washington, DC 20005
Ph: (202) 261-3398 (Mr. Friedman)

    Michael L. Weiner (michael.weiner@dechert.com)
    Morgan Feder (morgan.feder@dechert.com)
    Dechert LLP
    1095 Avenue of the Americas
    New York, NY 10036
    Ph: (212) 698-3500

    George Lombardi (glombard@winston.com)
    Winston & Strawn LLP
    35 W. Wacker Drive
    Chicago, IL 60601
    Ph: (312) 558-5969

    For purposes of calculating discovery response times under the Federal Rules, electronic delivery at the time the email was received shall be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 8:00 p.m. Eastern Time shall be treated as if it was served the following business day.

    Each side shall copy and produce materials obtained in discovery from any non-party to the other side, in the format they were received, within three business days after receipt by the party initiating the discovery request; except that if a non-party produces documents or electronic information that are not Bates-stamped, the party receiving the documents shall Bates-stamp them before producing a copy to other parties, and shall produce the documents or electronic information in a timeframe appropriate to the volume and complexity of the files received. Each side must provide the other side with (1) a copy of the party's written communications (including email) with any non-party concerning the non-party's response to or compliance with a subpoena, including any extensions or postponements, within 36 hours of the communication and (2) a written record of any oral or written modifications to the subpoena, within 36 hours of the modification.

13. **Evidentiary Presumptions**. Documents produced by non-parties from their own files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. Any good faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

14. **Modification of Scheduling and Case Management Order**. Modifications of the rights and responsibilities of the parties under this order may be made by mutual agreement of the parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any party may seek modification of this Order for good cause.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2016