**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 08515 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| DEERE & COMPANY, | ) | |
| PRECISION PLANTING, LLC, and | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Earlier in this litigation, the defense moved to modify the protective order governing discovery material, in the hope of allowing two in-house counsel (one from each set of Defendants) to view confidential information (as defined by the protective order). R. 63, 64. The goal was to give the defense the benefit of in-house counsel's insights for the defense of the case, and to allow the defense to stay informed on every aspect of the case. Not surprisingly, in light of the confidentiality of the anticipated non-party discovery materials, two competitors (Kinze Manufacturing and Case Industrial (Case is also a licensee of Monsanto)) objected to the modification. The government also objected, arguing that its investigative interests would be harmed in the long run if competitors shied away from providing information to the government during an investigation lest the information be disclosed later in litigation.

The concerns expressed by the competitors (and licensee) are entitled to serious weight, as explained in, among other cases, *FTC v. Advocate Health Care Network*, 162 F. Supp.3d 666, 671, 674 (N.D. Ill. 2016). The government's interest has some importance too, although not as much as the direct-competitor concerns. That is because non-parties very likely would still comply with both pre-suit and post-complaint subpoenas issued by the government: compliance would be in the competitors' business interest (to stymie their competitors) and they would know that a court will consider non-party confidentiality interests. But even setting aside

the modest governmental interest, the non-party competitors' interest remains strong.

      The specific concerns identified by the competitors (and particularly set forth by Case, R. at 3-4) outweigh the defense's interest, for many of the same reasons explained in *Advocate Health Care Network*. 162 F. Supp.3d at 671-74. The defense's briefs and declarations in support of the motion do not *concretely* explain what additional significant benefit the in-house counsel will bring to the defense of the action. To be sure, in the *abstract*, it is sensible to think that in-house counsel have additional insights into their respective businesses. But outside counsel—especially ones as skilled and experienced as both the prior outside counsel and the more recently hired team—routinely become experts in their client's businesses. Outside counsel have unfettered access to uncover facts from their clients, and to ask questions of their client in a way that does not reveal non-party confidential information, but still allows outside counsel to craft a defense.

      Against this, the defense makes assurances that the proposed in-house counsel are not *currently* part of competitive decision-making at their respective businesses. But that does not take care of their *future* roles at the companies, and there would be no way to purge their knowledge of non-party confidential information going forward. The Court does recognize the dilemma that corporations face in these situations: they promise mile-high walls between the in-house counsel and competitive decision-making, but that waters down the likelihood that the proposed counsel could give special insight to outside counsel. If they proposed in-house counsel with special insight, then almost surely the counsel would be involved in competitive decision-making (the proposed Monsanto counsel in particular is likely to have a role in that type of decision-making). But try as the Court might,[1] there is no sound way, at least on this record and for this case (where confidential discovery of intense competitors and a licensee was at stake), to craft a modification of the protective order to permit in-house counsel access to competitor confidential information. This is not at all a matter of pejorative distrust of the proposed in-

---

[1] For example, the Court considered whether it would be enough for the corporations and the proposed in-house counsel to execute declarations promising to not place the counsel in certain roles in the future. And the Court considered whether the in-house counsel could execute declarations promising to limit their discussions of the case within their businesses to a certain number and only after the discussion participants signed acknowledgements of the protective order each time they met. But the enforceability of declarations like those is extremely uncertain, and in this case in particular, it would not be easy to write concrete, detailed terms that would lend themselves to be protective (and enforceable) enough.

house counsel, who from every indication are well-respected attorneys and worthy of the trust that their companies have placed in them. Instead, it simply blinkers reality to believe that non-party competitors' confidential information can be sufficiently protected by the proposed modification.

For the reasons discussed, the motion [63] to modify the protective order is denied.

ENTERED:

                                                         s/Edmond E. Chang
                                       Honorable Edmond E. Chang
                                       United States District Judge

DATE: April 26, 2017